UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RASHAD SCISSION,

                         Petitioner,

    -vs-                                              No. 10-CV-0625(VEB)

JOHN B. LEMPKE,

                         Respondent.
_____

**I.    Background**

*Pro se* petitioner Rashad Scission ("Scission" or "Petitioner") has filed a petition for a writ of corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his detention in Respondent's custody. Scission's incarceration stems from a judgment of conviction entered against him following a jury trial on attempted murder and related charges stemming from two shootings involving James Curry ("Curry"). The offenses charged in the indictment related to shootings that took place in August 2006 and October 2006.

At trial, the prosecution presented proof that on August 5, 2006, Curry was walking to a store from his friend's house on 19th Street and West Ferry Street in the city of Buffalo. T.30 (Numbers preceded by "T." refer to pages of the trial transcript.) Curry walked past Scission and two other men who were standing on the corner. T.302. "What's good?" Curry asked Scission, whom he had known for ten years. T.302-303. Scission pulled out a gun and replied, "[W]hat you mean?" T.304.  Scission then shot Curry in the neck. *Id.*

As Curry turned and ran across the street to his friend's house for help, Scission continued to shoot. Fortunately, these shots missed Curry. T.305.

-1-

When law enforcement and paramedics promptly soon thereafter, Curry was taken to the hospital where it was determined that he had suffered broken ribs and a paralyzed hand. T.306. At the time of trial, the bullet was still lodged in Curry's neck. *Id.*

Crystal Hicks ("Hicks"), who witnessed the shooting from her friend's porch, saw men pacing back and forth on the corner across the street just before the incident. T.358-359. It was daylight, and Hicks was able to observe them for several hours without obstruction. T.359-360. One of them, who she identified as Scission, was wearing a red shirt. *Id.* Hicks testified that Curry was there, hanging out, in the early hours of that evening. T.360. She watched Curry go to the store across the street and as he passed Petitioner, Hicks heard one of them say "what do you mean what's up?" *Id.* Hicks watched as Petitioner drew a gun from out of his pants, aimed it at Curry, and fired at him from close range. T.361. She saw Curry clutch at his shoulder after being shot and run back to the house as Petitioner continued to shoot at him. T.361-362.

The prosecution also presented evidence regarding an October 2006 shooting involving Curry as the victim and Scission as the shooter. However, the jury acquitted Scission of the October 2006 charges. The jury returned a guilty verdict on the charges stemming from the August 2006 shooting–one count of attempted murder in the second degree, one count of assault in the first degree, one count of criminal possession of a weapon in the second degree, and one count of criminal possession of a weapon in the third degree

For these convictions, Petitioner was sentenced as a second violent felony offender to a twenty-five year term of incarceration, a fifteen year term of incarceration, an indeterminate term of three and one half to seven years and five years of post-release supervision. The sentences were set to run concurrently.

Represented by new counsel, Scission appealed his conviction. By an order dated March 20, 2009, the Appellate Division, Fourth Department, of New York State Supreme Court, unanimously affirmed the judgment. *People v. Scission,* 60 A.D.3d 1391 (App. Div. 4th Dept. 2009). Petitioner sought leave to appeal to the Court of Appeals, which was denied on May 19, 2009. *People v. Scission,* 12 N.Y.3d 859 (N.Y. 2009).

Petitioner filed a motion to vacate the judgment on March 18, 2010. Petitioner claimed that testimony was received in violation of his right to confrontation. In an affidavit dated May 19, 2010, the People opposed his motion. The motion was denied by Erie County Supreme Court, and leave to appeal to the Appellate Division was denied.

This timely habeas petition presents four grounds for relief: (1) the trial court improperly denied his request to call a witness at a pre-trial *Wade* hearing; (2) that he was denied his right to confrontation when the trial court improperly admitted testimony surrounding an inadmissible hearsay statement; (3) that the evidence was legally insufficient; (4) that the verdict was against the weight of the evidence; and (5) that he was denied a fair trial due to prosecutorial misconduct. Respondent answered the petition. Petitioner filed a traverse in response.

The matter is fully briefed and ready for decision. For the reasons that follow, the petition is denied.

**II.    Discussion**

    **A.    Claim One: Erroneous Denial of Request to Call a Witness at the *Wade*[1] Hearing**

Prior to opening statements, Petitioner requested and was granted a *Wade* hearing. T.244.

---

[1]     *United States v. Wade,* 388 U.S. 218, 236 (1966),

Detective William Donovan ("Det. Donovan") testified that on October 2, 2006, he showed a photographic array to Hicks in the lobby of the hospital where the Curry was receiving treatment for his gunshot wound. W.14 (Numbers preceded by "W." refer to pages of the transcript of the *Wade* hearing.). Hicks identified Petitioner from the array. W.5. Det. Donovan testified that he did not suggest which individual he wanted Hicks to select. W.5-6. At the conclusion of the hearing, Petitioner argued that Hicks should be called to testify about what occurred when she was shown the photographic array. W.13. He claimed that Hicks' testimony was required to establish whether she previously had been shown a photographic array or if she had discussed the identification of Petitioner after the shooting. Petitioner's request was denied, and the trial court concluded that the identification procedure was not unduly suggestive. W.14.

Scission argues, as he did in his direct appeal, that the trial court erred in denying his request to call Hicks to testify at the *Wade* hearing.. The Appellate Division summarily dismissed this contention as "without merit" on appeal. *People v. Scission*, 60 A.D.3d at 1392. This ruling was correct as a matter of New York State law and Federal law.

"A defendant challenging a pretrial identification procedure bears the ultimate burden of proving the procedure was unconstitutional." *Rivalta v. Artuz*, 1997 WL 401819, at *3 (S.D.N.Y. July 16, 19979 (citing *People v. Berrios,* 28 N.Y.2d 361, 321 N.Y.S.2d 884, 888 (N.Y. 1971). However, generally speaking, "the discretionary exclusion of an identifying witness by a trial judge at a pre-trial hearing does not rise to the level of constitutional error." *Sorenson v. Superintendent*, No. 97 Civ. 3498(NG), 1998 WL 474149, at *4 (E.D.N.Y. Aug.7, 1998). "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense." *Taylor v. Illinois,* 484 U.S. 400, 409, 108 S.Ct. 646, 98

L.Ed.2d 798, reh'g denied, 485 U.S. 983, 108 S.Ct. 1283, 99 L.Ed.2d 494 (1988) (quoting Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)). Although this right is "a fundamental element of due process law," it is essentially a trial right "to present the defendant's version of the facts . . . to the jury so it may decide where the truth lies." *Id.*

"As such, under New York law, a defendant does not have an absolute right to call a complainant to testify at a Wade hearing." *Rivalta*, 1997 WL 401819, at *3 (citing *People v. Chipp*, 75 N.Y.2d 327,  553 N.Y.S.2d 612, 613-14 (N.Y. 1990); *accord, e.g.*, *Heron v. People of the State of New York*, No. 98 Civ. 7941(SAS), 1999 WL 1125059, at *10 (S.D.N.Y. Dec.8, 1999) (finding that "under New York law, it is well-settled that there is no absolute rule which requires the identifying witness to appear at a *Wade* hearing when the suggestiveness of the identification procedure is called into question"). Citing policy concerns, the *Chipp* court noted that affording such a right "would enable defendants to harass identifying witnesses and to transform the hearing into a discovery proceeding neither authorized nor contemplated by the Legislature." *Id.* at 337.  "Therefore, 'absent some indication that the pre-trial identification procedure employed was suggestive, a hearing judge may properly preclude a defendant from demanding the appearance and testimony of a witness at the Wade hearing.'" *Duran v. Miller*, 322 F. Supp.2d 251, 257 (E.D.N.Y. 2004) (quoting *Rivalta v. Artuz,* No. 96 Civ. 8043(SAS), 1997 WL 401819, at *3 (S.D.N.Y. July 16, 1997)).

In sum, although the hearing court had the discretion to call Hicks to testify at the *Wade* hearing, it was not obligated as a matter of New York State law or Federal constitutional law to produce Hicks for the defense. As such, the state court's denial of the Petitioner's *Chipp* application did not deprive him of a Federal constitutional right. *E.g.*, *Duran*, 322 F. Supp.2d at

257 (citing *Mitchell v. Fischer,* No. 02-CV-6336 (JBW), 2003 WL 22952851, at *6 (E.D.N.Y. Oct. 20, 2003) (holding that a defendant does not have an absolute right to have a complainant produced at a *Wade* hearing). This claim therefore does not provide a basis for habeas relief.

### B.   Claim Two: Erroneous Evidentiary Ruling Regarding Hearsay Testimony

Petitioner argues that he was denied a fair trial because the trial court permitted the prosecutor to elicit testimony surrounding, *but not including,* a statement it deemed to constitute inadmissible hearsay. Defense counsel's objections to the prosecutor's line of questioning, concerning a police officer's contact with an eight-year-old boy at the crime scene, were all sustained. When defense counsel objected to the prosecutor's last question, asking the officer whether he "received any cooperation" from the witnesses at the scene, the trial court asked counsel to approach. The prosecutor argued that the testimony was being offered for the narrow purposes of completing the narrative and explaining to the jury how witness "in these cases are often reluctant to testify". T.477-478. The trial court directed the prosecutor and his witnesses to refrain from any further mention of the eight-year-old boy, and the prosecutor ultimately withdraw the last question to the officer. Defense counsel argued that the prosecutor's reference to the child as a "witness", combined with the defense counsel's sustained objections to the police officer's testimony about his contact with the child, created the impression that the defense was trying to keep information from the jury, and requested a mistrial. The trial court denied the motion but issued a curative instruction to alleviate defense counsel's concerns.

On direct appeal, the Appellate Division rejected this claim, which was phrased as an erroneous denial of the defense motion for a retrial based on a police officer's reference to an eight-year-old boy, whom the officer had spoken to following the incident, as a "witness."

*People v. Scission*, 60 A.D.3d. At 1392. The Appellate Division held that the trial court's curative instruction "alleviated any prejudice to defendant resulting from that testimony[.]" *Id.* (citations omitted). This holding did not violated Federal constitutional law.

As a general matter, violations of State evidentiary law do not present a Federal constitutional issue cognizable in a habeas petition. *See Crane v Kentucky*, 476 U.S. 683, 689 (1986). Petitioner's appellate counsel attempted to couch this claim on direct appeal as a due process violation, but "not 'every error of state law can be transmogrified by artful argumentation into a constitutional violation.'" *Ponnapula v Spitzer,* 297 F.3d 172 (2d Cir. 2002) (quoting *Sanna v. Dipaolo*, 265 F.3d 1, 12 (1st Cir. 2001)). "As the Supreme Court has frequently observed, the law recognizes a strong presumption that juries follow limiting instructions." *United States v. Snype,* 441 F.3d 119, 129 (2d Cir.2006) ( (citing *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993)); *see also United States v. Abner,* 782 F.3d 1120, 1126 (2d Cir.1986) ("Such limiting instructions are an accepted part of our present trial system . . . and consequently there is a presumption that juries will follow [them]") (quotations and citations omitted). Scission has not explained why the trial court's limiting instruction was inadequate to cure any potential prejudice. The Court therefore finds, under the circumstances of this case, the trial court's handling of this evidentiary issue did not violate New York State law, much less Federal due process principles. Accordingly, Scission's second claim does not warrant habeas relief.

**C.     Claim Three: Verdict Against the Weight of the Evidence**

Scission's claim regarding the weight of the evidence, *see* Petitioner's Memorandum of Law at pp. 4-8 (Docket No. 2), specifically asks the Court to "weigh the facts and the competing inferences therefrom . . . ." This is not a federal constitutional claim cognizable in a federal

habeas proceeding. A "weight of the evidence" claim derives from New York Criminal Procedure Law ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. CRIM. PROC. LAW § 470.15(5). A "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute. *People v. Bleakley*, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672 (N.Y.1987) (weight of the evidence claim is based on court's factual review power; sufficiency of evidence claim based on the law); *accord*, *e.g.*, *People v. Romero*, 7 N.Y.3d 633, 642-43 (N.Y. 2006). On the other hand, a legal insufficiency claim is based on federal due process principles. *Id.*; *see also Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

Because Scission's weight of the evidence claim implicates only state law, it is not cognizable in this federal habeas proceeding. *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (habeas corpus review is not available where there is simply an alleged error of state law); *Ex parte Craig*, 282 F. 138, 148 (2d Cir.1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), *aff'd*, 263 U.S. 255 (1923).

Therefore, it is dismissed as not cognizable. *Accord*, *e.g.*, *Garrett v. Perlman*, 438 F. Supp.2d 467, 470 (S.D.N.Y. 2006) (dismissing claim that conviction was against the weight of the evidence; such a claim is not a basis for habeas relief but presents only an error of state law, for which habeas review is not available); *Feliz v. Conway*, 378 F. Supp.2d 425, 430 n. 3 (S.D.N.Y.2005); *Douglas v. Portuondo*, 232 F. Supp.2d 106, 116 (S.D.N.Y. 2002); *Correa v.*

*Duncan*, 172 F. Supp.2d 378, 381 (E.D.N.Y. 2001).

### D.     Claim Four: Verdict Not Supported by Legally Sufficient Evidence

On direct appeal, the Appellate Division held that because "[d]efendant made only a general motion for a trial order of dismissal[,]" he "failed to preserve for [its] review his contention that the evidence is legally insufficient to support the conviction[.]" *People v. Scission*, 60 A.D.3d at 1392 (citing *People v. Gray,* 86 N.Y.2d 10, 19 (N.Y. 1995)).

In New York, an objection to the legal sufficiency of the evidence takes the form of a motion to dismiss. *People v. Thomas*, 36 N.Y.2d 514, 369 N.Y.S.2d 645, 330 N.E.2d 609, 610 (N.Y. 1975). The motion must be made in order for an insufficient evidence claim to be preserved for review, *People v. Bynum*, 70 N.Y.2d 858, 523 N.Y.S.2d 492, 518 N.E.2d 4 (N.Y. 1987), and the motion must be made "at the close of the People's case." *Thomas*, 369 N.Y.S.2d 645. Moreover, New York courts have consistently held that a general motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged. *See People v. Gray*, 86 N.Y.2d at 20-22.

As Respondent argues, Scission's insufficiency-of-the-evidence claim is procedurally barred due to the Appellate Division's reliance upon *People v. Gray*, 86 N.Y.2d at 19, as an "adequate and independent state ground," to dismiss the claim as unpreserved. *See Harris v. Reed*, 489 U.S. 255, 260-61, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (Federal habeas corpus review of a state conviction is prohibited if a state court judgment is based on an "adequate and independent state ground," such when the state court "explicitly invokes a state procedural bar rule as a separate basis for decision.").

The Second Circuit recognizes New York's contemporaneous objection rule as an

independent and adequate state procedural rule barring habeas review. *E.g.*, *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir.2007). "New York's preservation rule, codified at N.Y. CRIM. P. LAW § 470.05(2), 'require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error.'" *Garcia v. Lewis*, 188 F.3d 71, 78 (2d Cir.1999) (quoting *People v. Luperon*, 85 N.Y.2d 71, 78, 623 N.Y.S.2d 735, 647 N.E.2d 1243 (N.Y.1995)); *accord*, *e.g.*, *Garvey v. Duncan*, 485 F.3d 709, 714-15 (2d Cir.2007). "A general objection is not sufficient to preserve an issue since such would not alert the court to defendant's position. Instead New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant must *specifically* focus on the alleged error." *Richardson*, 497 F.3d at 218 (quoting *Garvey*, 485 F.3d at 714-15) (citation omitted; emphasis added in *Richardson*). Under the circumstances, I find that the Appellate Division relied upon a state ground that was both independent of the federal question and adequate to support the judgment when it rejected of Scission's insufficiency-of-the-evidence claim based upon the lack of a specific objection. *See id.*

The Court now turns to whether Scission can overcome the procedural default caused by the Appellate Division's reliance upon an adequate and independent state ground by showing either "cause and prejudice" or a "fundamental miscarriage of justice."

In order for attorney error to constitute "cause" excusing the procedural default, counsel's performance must be so egregious as to fail to satisfy the defendant's Sixth Amendment right to effective assistance of counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (citing *Murray v. Carrier*, 477 U.S. at 488-89, 106 S.Ct. 2639). The

Supreme Court has held that the exhaustion doctrine "requires that a claim of ineffective assistance be presented to state courts as an independent claim before it may be used to establish cause for a procedural default" in the context of a petition for a federal writ of habeas corpus. *Edwards*, 529 U.S. at 451 (citing *Murray*, 477 U.S. at 489). Thus, to claim that attorney error excuses a procedural default, the Supreme Court has stated that a habeas petitioner must either have properly presented and exhausted an ineffective assistance of counsel claim in the state courts or, if the ineffective assistance of counsel claim is itself procedurally barred, separately show that there is "cause" excusing said procedural default as well as prejudice resulting from the error. *See* 529 U.S. at 453.

Here, Scission does not have an exhausted, meritorious claim of ineffective assistance to use as "cause" for the procedural default, he cannot fulfill the cause and prejudice test, which is formulated in the conjunctive. Showing a "fundamental miscarriage of justice" requires a demonstration that a constitutional error resulted in the conviction of someone who is actually innocent. *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (citing *Sawyer v. Whitlety*, 505 U.S. 333, 339 (1992) (."The miscarriage of justice exception is concerned with actual as compared to legal innocence."). The Supreme Court has emphasized that the exception has a "narrow scope," *Sawyer*, 505 U.S. at 339. "To be credible," a claim of actual innocence must be based on reliable evidence not presented at trial[,]" *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *accord Calderon*, 505 U.S. at 339. Scission has not come forward with new reliable evidence of his actual innocence, and so, under the Supreme Court's current teachings, he cannot fulfill the fundamental-miscarriage exception.

Accordingly, Scission's insufficiency-of-the-evidence claim is subject to an unexcused procedural default and habeas review is precluded.

### E. Claim Five: Prosecutorial Misconduct

Scission contends that the prosecutor made a number of improper comments during summation. The prosecution argued that on appeal that the bulk of the allegedly improper comments were unpreserved due to a lack of timely objection by defense counsel and, in any event, none of the comments deprived Scission of a fair trial. The Appellate Division agreed with the prosecution's argument concerning the lack of preservation, concluding that the claims were "based primarily on alleged instances of prosecutorial misconduct that are unpreserved for . . . review." Scission, 60 A.D.3d at 1392 (citing N.Y. CRIM. PROC. LAW § 470.05(2)). The Appellate Division went on to hold "'[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial[.]'" *Id.* (quotation omitted)).

Respondent argues that the unobjected-to comments are not subject to habeas review because of the Appellate Division's reliance on the contemporaneous objection rule to dismiss them. It is well-settled that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990). Under the circumstances, "[t]he decision of the state court, having rested on 'independent and adequate state grounds,' is necessarily beyond the reach of federal habeas corpus review." *Brunson v. Tracy*, 378 F. Supp.2d 100, 106 (E.D.N.Y. 2005) (quoting *Cotto v. Herbert,* 331 F.3d 217, 238 (2d Cir.2003) and citing *Garcia v. Lewis,* 188 F.3d 71, 79 (2d Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its

contemporaneous objection rules.") (citations omitted)).

For the reasons discussed in Section II.D, *supra*, Scission cannot demonstrate cause and prejudice, or that a fundamental miscarriage of justice will occur if this Court does not review the claims. Because the procedural default remains unexcused, the unobjected-to claims will not be reviewed on the merits.

Petitioner's remaining, non-procedurally defaulted claims of misconduct concern two remarks by the prosecutor during summation. The first comment, according to Scission, amounted to the prosecutor going outside the "four corners" of the evidence by implying that a witness arrested with Scission had at one point provided incriminating evidence against Scission, although this witness testified at trial that he told the police did not know who did the shootings. *See* T.551.

I agree with Scission that this first comment was improper. The trial court sustained defense counsel's objection and, at counsel's request for "an admonishment," instructed the jury that although counsel had the right to make argument, the judge would inform the jury how it could consider the arguments made by counsel. (The court subsequently instructed the jury that the "summations of counsel are not evidence." T.618.) Defense counsel later moved for a mistrial, which was denied.

The second comment, Scission alleges, improperly sought to secure a conviction by appealing to the emotions and fears of the jury. , the prosecutor stated,

| [The Prosecutor]: | Defense counsel talked about how none of this [proof] is enough. Really? If I follow you to the parking lot tonight and shoot you and run away, who is in court tomorrow? You are alone. |
| [Defense Counsel]: | Objection, Judge. |

| | |
|---|---|
| [The Prosecutor]: | I'm giving an illustration, Judge. |
| The Court: | Overruled. |
| [The Prosecutor]: | What's the objection? |
| [Defense Counsel]: | You can't put the jurors in the shoes of the victim, Judge. Playing on sympathy. |
| [The Prosecutor]: | I can change it to a stranger. |
| The Court: | Gentlemen, approach. |

T.595-96. After an off-the-record discussion at which Scission was not present, the prosecutor changed his hypothetical to "someone" being in the parking lot. T.596. Defense counsel's request for a mistrial based upon this line of argument was denied.

In reviewing a claim of prosecutorial misconduct with regard to a writ of habeas corpus, the appropriate standard of review is "a narrow one of due process, and not the broad exercise of supervisory power." *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). The alleged prosecutorial misconduct must have caused the defendant "substantial prejudice" so that it infected the entire trial with fundamental unfairness and the resulting conviction was a denial of due process. *Donnelly v. DeChristoforo,* 416 U.S. 637, 647 (1974); *see also, e.g., United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999).

Generally, inappropriate prosecutorial comments, standing alone, are insufficient to reverse a conviction. *United States v. Young,* 470 U.S. 1, 11 (1985). In order to assess the impact of the prosecutor's comments, the reviewing court must consider the totality of the circumstances. *Id.* (noting that the court must also review the defense counsel's summation to see if the defendant "invited" such a response); *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir.1994) (noting that the court should "look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly 'could have tipped the scales in favor of the prosecution'") (internal quotations omitted). In the Second Circuit, this inquiry

includes three factors: (1) the severity of the prosecutor's misconduct, (2) any curative measures taken by the court, and (3) the certainty of the conviction without the prosecutor's comments. *E.g., United States v. Melendez,* 57 F.3d 238, 241 (2d Cir.1995) (citations omitted); *Bentley v. Scully,* 41 F.3d 818, 824 (2d Cir.1994).

Comparatively speaking, the severity of the prosecutor's misconduct, if indeed it was misconduct, was minimal. *Compare with United States v. Melendez*, 57 F.3d at 242 (concluding that the prosecutor's statement that the judge "knows [the government's witness] is telling the truth" was "highly improper" but nevertheless, even on direct appeal, did not warrant reversal). Here, the trial judge intervened when Scission's counsel objected and issued a curative instructive in the first instance and held a bench conference in the second, after which the prosecutor changed the subject of his hypothetical. The jury's acquittal of Scission on the charges related to the October 2006 shooting supports the conclusion that the jury was not influenced by any of the prosecutor's allegedly improper remarks. *See Young,* 470 U.S. at 17 n. 15 (noting that the jury's acquittal of the defendant on the most serious charge "reinforces [the] conclusion that the prosecutor's remarks did not undermine the jury's ability to view the evidence independently and fairly"). Thus, even if the comments were objectionable, this Court cannot conclude that the they "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly,* 416 U.S. at 647, or that the Appellate Division unreasonably applied or acted contrary to clearly established Supreme Court precedent in so concluding. This claim accordingly cannot provide a basis for habeas relief.

### III.   Conclusion

Rashad Scission's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is

denied because none of the claims raised therein have merit, and the petition is dismissed. Because Scission has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED.**

    /s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    May 16, 2011
              Buffalo, New York